No. 9624.

Orleans Appeal.

SURETY CREDIT COMPANY, INC., v. J. B. G. ARNOULT ET AL.

(January 19, 1925, Opinion and Decree.)
(February 2, 1925, Rehearing Refused.)
(March 10, 1925, Decree Supreme Court Writ of Certiorari and Review Refused.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Appeal—Par. 718.**
Where the record on appeal clearly discloses the fact that appellant, as defendant in a suit on a promissory note, signed and indorsed by him, has pleaded throughout the proceedings below *in propria persona*, and that counsel on his behalf was only put of record after trial and judgment, the appellate court will refuse to set aside the judgment or remand the case for a new trial, though appellant represents to the appellate court, appearing there also *in propria persona*, that the trial was had and judgment rendered below in the absence of himself and counsel, and while the latter was actively engaged in another court.

Appeal from First City Court of New Orleans, Section "C", Hon. Henry Renshaw, Judge.

This is a suit on a promissory note.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

L. H. Gosserand, attorney for plaintiff and appellee.

J. B. G. Arnoult, Jos. Rosenburg, attorneys for defendant and appellant.

BELL, J. The appeal herein taken is from a judgment in favor of plaintiff, the holder and owner, for value before maturity, of a certain promissory note, signed and indorsed by appellant. We are asked to set aside the judgment and to remand the case for a new trial, on the grounds that the case was tried and judgment rendered in the absence of appellant or his counsel.

The case was fixed in the trial court after due notice to defendant and was set for hearing on the 2nd day of April, 1924, at 10 o'clock a. m. The judgment recites that the case was called on the above date, "Defendant absent and unrepresented". We find in the record a motion and order directing that Joseph Rosenberg, Esq., be made attorney of record for defendant. This document, signed by this attorney and by the trial judge, bears a filing stamp of the deputy clerk of court, showing that the motion was filed at 1:30 p. m., at an hour or time subsequent to that on which the case was evidently heard and judgment was rendered. All of the pleadings filed by defendant prior to the motion and order making Mr. Rosenberg counsel of record were signed only by defendant *in propria persona*. Upon these facts, as recited, it is plain that defendant has had his day in court, and he having failed to show to the trial court or to this court any legal reason for a continuance of the case tried in his absence, we must hold that the refusal of the trial judge to grant him a new trial was well founded. Appellant has appeared here only *in propria persona*. This appeal has been taken solely for the purpose of having this court remand the case for a new trial. This we will not do under the circumstances of this case. The judgment appealed from is correct and should be affirmed.

It is, therefore, ordered that the judgment appealed from herein be and the same is hereby affirmed, at defendant's costs in both courts.